# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

RICKEY T. TAYLOR, ADC #110675,
and DE'MARION D. ROBINSON, ADC #150420                    PLAINTIFFS

V.                                    2:15CV00188-JM-JTK

WENDY KELLEY, et al.                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiffs Taylor and Robinson are state inmates incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).They filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of their First Amendment Right to free exercise of their religion, when Defendants failed to timely provide them with a fast-breaking snack on the final day of Ramadan. Plaintiffs ask for both monetary and injunctive relief from the Defendants.  Defendants Connor and Neely were dismissed on July 5, 2016 (Doc. No.  53), and Defendants Kelley, Reed, Earl, and Bailey, were dismissed on September 27, 2016 (Doc. No. 73).

Pending before the Court is the Motion for Summary Judgment, Brief in Support and Statement of Facts, filed by remaining Defendants Bray, Burnett, Gilmore, Graham, Lay, and Randle (Doc. Nos. 78-80).  By Order dated December 13, 2016 (Doc. No. 82), this Court directed Plaintiffs to file a Response to the Motion within fifteen days, noting that failure to timely and properly respond would result in all of the facts set forth in the Summary Judgment papers being deemed admitted by Plaintiffs, or the dismissal of the action without prejudice.  Plaintiffs then filed a Motion

for Extension of Time (Doc. No. 86), which this Court granted on January 13, 2017, directing them to file their Response no later than January 19, 2017 (Doc. No. 86).  As of this date, Plaintiffs have not filed a Response to the Motion.

## II.    Complaint (Doc. No. 2)

Both Plaintiffs identify themselves as Muslims, and observe the holy days of Ramadan during which time they fast between sunup and sundown.  On the final day of Ramadan in 2015 (July17), they were supposed to be provided a fast-breaking snack between sunrise and noon according to Islamic law and Unit policy, but did not receive it until 1 p.m.  Plaintiffs, who were housed in administrative segregation at the time, notified Defendants Gilmore, Graham and Burnett earlier that morning that they should be provided the snack, and claim that Defendants were either unable or unwilling to get the snack because they were told by kitchen staff (including Defendant Randle) that the snack would be provided after regular lunch was served.  Plaintiffs claim Defendants' failure to timely provide them with the snack violated their rights to the free exercise of religion.

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  <u>Id</u>. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

Defendants state they are entitled to qualified immunity, because the facts alleged by Plaintiffs do not support a finding that they substantially burdened the Plaintiffs' practice of religion, and because the one-hour delay in providing Plaintiffs with the snack was rationally related to legitimate penological interests in simplified food service and prison administration.  According to the affidavit of Chaplain Joshua Mayfield, the ADC accommodates 38 religions or belief systems, including Muslim. (Doc. No. 78-1, p.1) All Muslim inmates, including those in administrative segregation, are provided access to an imam and are permitted to keep religious texts and items in their cells.  (<u>Id</u>.)  The ADC policy and procedure manual on Religious Services provides for freedom to observe Ramadan, and the ADC facilitates the fasting during that period by providing breakfast before dawn and dinner after sundown.  (<u>Id</u>., p. 2)  In addition, inmates have access to water in their

cells through the sinks and are permitted to keep food in their cells with which to break their fast. (Id.)  According to the ADC policy, on the morning following the completion of the Ramadan fast, volunteers may lead prayer and the Unit may furnish refreshments such as punch and sweet rolls. (Id).

In his deposition testimony, Plaintiff Taylor stated he prays five times a day using a prayer rug, and keeps copies of the Quran, Torah, Evangelion, and Bible in his cell.  (Doc. No. 78-3, p. 5) Halal foods are available to him in the commissary and through special holiday food packages, and he has access to an inmate-selected imam when he is in general population.  (Id., p. 6) He observes the holidays of Ramadan, Saviours' Day, Holy Day of Atonement, and the birthday of Muhammad. (Id., p. 13)  Plaintiff Robinson testified that he also prays five times a day using a prayer rug and keeps a copy of the Quran and other religious materials in his cell.  (Doc. No.  78-4, p. 2) He attended Jumu'ah Prayer every Friday when he was in general population, and while in administrative segregation, holds his own prayer service in his cell.  (Id., p. 3)

Both Plaintiffs observe Ramadan by abstaining from food and drink between sunrise and sunset for thirty days, during which time, the ADC delivers breakfast between two and three o'clock in the mornings and dinner after sundown. (Doc. No.  78-4, pp. 5-6) On the last day of Ramadan, July 17, 2015, Plaintiffs took part in a morning prayer announcing their preparation for breaking of the fast, and a "snack" (cake and juice) was supposed to be provided no later than noon as part of the breaking of the fast.  (Doc. No. 78-3, pp. 14-15) During that morning, Plaintiff Taylor notified Defendants Gilmore and Graham that they were supposed to receive the snack, and Defendant Graham responded that he was aware of the matter.  (Id., pp. 16-17)  Defendant Gilmore also checked with Defendant Randle in the kitchen, who stated that the snack would be served after lunch

trays were served.  (Id., p. 19)  However, Plaintiffs did not receive their snack until 1 p.m., which was too late to break the fast. (Id., p. 22) (Taylor did note that the Muslim inmates in general population received their snacks before noon.) (Id., p. 25) When Taylor talked with Defendant Burnett about the matter, he indicated that problem was due to a mis-communication between the Chaplain and the max supervisors. (Id., pp. 25-26)  Plaintiff Taylor stated that since he did not receive the snack before noon, he was not supposed to break the fast until after sundown, so he threw his snack away. (Id., pp. 22, 29) Plaintiff Robinson, however, ate the snack when he received it.  (Doc. No. 78-4, p. 12)

According to the grievance filed by Plaintiffs, it was determined that on the day in question the Chaplain failed to tell the staff what time the snack was supposed to be delivered to the inmates observing Ramadan.  As a result, the Chaplain was advised to communicate more clearly with staff when special meals were to be served.

Based on these undisputed facts, Defendants state that there is no clearly-established law indicating that failure to provide Muslim inmates with a timely snack on the last day of Ramadan would violate their First Amendment rights to practice their religion.  They note that Plaintiffs are provided numerous means of practicing their religion, and that the delay in providing the snack on one occasion did not substantially burden their ability to exercise their religious beliefs.  Defendants also note that inmates are permitted to keep food in their cells and have access to water in their cells, with which they could have broken their fast.  Finally, Defendants state that even if their actions burdened Plaintiffs' free exercise rights, Defendants' failure to accommodate on this occasion was rationally connected to their need to provide food service to all inmates, and Plaintiffs had alternative means of exercising their religious beliefs, citing Turner v. Safley, 482 U.S. 78, 89

(1987).

Qualified immunity protects officials who act in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

An inmate-plaintiff clearly retains protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

U.S. 342, 348 (1987). Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights. Id.  Under the Free Exercise Clause of the First Amendment, Plaintiffs must first raise a material question of fact as to whether Defendants have placed a "substantial burden" on their ability to practice their religion.  Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008) (citing Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997)).  The Patel Court further explained that substantially burdening one's free exercise of religion

> means that the regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

515 F.3d at 813 (citing Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 988 (8th Cir. 2004)).

In this particular case, however, the Court finds no dispute of material fact that Plaintiffs' ability to exercise their religion was not substantially burdened.  They both testified that they are permitted to exercise their religion in numerous ways, such as praying, having access to Imams, observing Muslim holidays, purchasing halal foods, and maintaining religious items in their cells. In addition, the ADC provides accommodations for their fasting during Ramadan, and inmates have access to water in their cells and are permitted to keep extra food in their cells. The Court finds that the one-hour delay in providing the Plaintiffs' fast-breaking snack, while disappointing, does not rise to the level of a constitutional violation.

Therefore, in light of the Plaintiffs' failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a

matter of law.  See FED.R.CIV.P. 56(e)(2), (3).[2]  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiffs, established a violation of a constitutional or statutory right.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 78) be GRANTED, and Plaintiffs' Complaint against Defendants be DISMISSED with prejudice.

IT IS SO ORDERED this 25th day of January, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]Since the Court finds that Plaintiffs' Free Exercise rights were not substantially burdened, it is not necessary to examine the factors set forth in Turner v. Safley to determine if the burden was reasonably related to legitimate penological objections.  482 U.S. at 89.